# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A Purported Lien or Claim**
**Against Patricia Ann DeBlasio Dilts,**
**Petitioner Below, Petitioner**

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 11-1523** (Morgan County 11-P-32 and 11-P-33)

**AND**

**In Re: A Purported Lien or Claim Against**
**Keith W. DeBlasio, Petitioner Below, Petitioner**

**No. 12-0223** (Morgan County 11-P-29 and 11-P-34)

## MEMORANDUM DECISION

In the first of these consolidated appeals, Petitioner Patricia Ann DeBlasio Dilts, *pro se*, appeals the circuit court's order, entered October 19, 2011, denying various motions for judicial review of two liens on petitioners' real property by a homeowners association. In the second appeal, petitioner Keith W. DeBlasio appeals the circuit court's order, entered February 13, 2012, invalidating the liens after the court granted reconsideration of its prior order. There is no respondent.

The Court has considered petitioners' briefs and the record on appeal. The facts and legal arguments are adequately presented in the briefs and the record on appeal, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds petitioners' appeals to be moot. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are mother and son who have ownership interests in two lots in their subdivision. Petitioners have been engaged in various disputes with their homeowners association. In the cases now on appeal, petitioners filed various motions for judicial review of two liens on petitioners' real property. Based on their contention that the liens were fraudulent common law liens, petitioners filed their motions *ex parte*. *See* W.Va. Code § 38-16-403(c). Thus, while the homeowners association is aware of these cases, it has not been a formal party to them.

1

In the order of October 19, 2011, appealed by Petitioner Dilts, the circuit court denied the motions for judicial review for various reasons. The circuit court noted, *inter alia*, that the notices of liens were filed pursuant to the model notice provided in West Virginia Code § 38-2-10 relating to mechanics' liens. Because mechanics' liens are statutory in nature, the circuit court ruled that such liens could not be challenged through Chapter 38, Article 16 of the Code, which addresses fraudulent common law liens.

Petitioner Dilts appealed the circuit court's October 19, 2011 order. The docket sheets for 11-P-32 and 11-P-33 indicate that Petitioner Dilts also filed motions for reconsideration on October 26, 2011. Petitioner DeBlasio filed motions for reconsideration in his cases.[1]

In an order entered November 10, 2011, the circuit court granted petitioners' motions "to reconsider its previous Order entered on October 1[9], 2011." The circuit court ordered petitioners and the homeowners' association to appear for a hearing on November 30, 2011, to address the issue of whether the liens filed against petitioners should be invalidated for failure to comply with the filing requirements of Chapter 38, Article 2 which addresses mechanics' liens. At the November 30, 2011 hearing, the acting president of the homeowners' association appeared and answered the circuit court's questions concerning the nature of the liens the association recorded against petitioners' real property.

Following the hearing, Petitioner DeBlasio filed an original jurisdiction proceeding asking this Court to, *inter alia*, direct the circuit court to enter an order declaring that the liens were fraudulent common law liens. When the circuit court entered its February 13, 2012, order invalidating the liens, the court directed that a copy of the order be forwarded to this Court which, upon motion, dismissed the original jurisdiction proceeding as moot.[2]

In its February 13, 2012 order, the circuit court reaffirmed that the liens were mechanics' liens and invalidated them because the notices of liens were not recorded within 100 days of the date the work giving rise to the liens.[3] *See* W.Va. Code §§ 38-2-10 and 38-2-14. Petitioner DeBlasio filed an appeal of the February 13, 2012 order.

---

[1] Alan Jeffrey Dilts, Petitioner Dilts' husband and Petitioner DeBlasio's stepfather, also has an ownership interest in the lots and filed motions for reconsideration in cases that have not been appealed.

[2] Petitioner DeBlasio filed a response in opposition to the motion to dismiss as moot.

[3] The circuit court found that "these liens resulted from an allegedly unpaid debt for repairs of the development; [and] that the work was finished in August of 2010." The notices of lien were not recorded until April 18, 2011. Petitioner DeBlasio disputes whether the "entire amount" that the liens covered was solely for repair work. However, as the trier of fact in these cases, the circuit court's findings are entitled to deference.

"'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert,* 220 W.Va. 79, 640 S.E.2d 142 (2006).

Petitioner Dilts appeals the October 19, 2011 order that the circuit court subsequently reversed in its February 13, 2012 order. After careful consideration, this Court concludes that Petitioner Dilts's appeal is moot.

Petitioner DeBlasio is dissatisfied with an order invalidating the liens as untimely recorded mechanics' liens; he wants the liens to be declared fraudulent common law liens.[4] However, the liens have been invalidated and are, therefore, of no legal force or effect. After careful consideration, this Court concludes that Petitioner DeBlasio's appeal is moot.[5]

---

[4] The only additional relief Petitioner DeBlasio would be entitled to if the liens were declared fraudulent common law liens is a directive that the County Clerk record the circuit court's order that the liens were fraudulent in the same class of records in which the liens were recorded. *See* W.Va. Code § 38-16-403(g). In saying the liens are fraudulent common law liens, Petitioner DeBlasio relies heavily on the fact that the County Clerk recorded the liens as "judgment liens." However, in its November 10, 2011 order, the circuit court explained why the County Clerk's characterization of the liens was not legally relevant:

> The inconsistency of how the clerk has recorded the notice of lien, however, has no bearing on the substance of the lien and its enforceability against the Petitioners in this case. Especially so, since the Notice itself, which is available publicly online, readily identifies the lien as "filed, and recorded, pursuant to the provisions of West Virginia Code § 38-2-10." Therefore, the lien asserted in this case is statutory in nature despite the manner in which the County Clerk recorded it or what the Clerk may have told Mr. DeBlasio. As such, it cannot be challenged as a fraudulent common law lien.

[5] Petitioner DeBlasio asserts that the circuit court erred in not awarding him his reasonable attorney's fees and costs under West Virginia Code § 38-16-404 in its February 13, 2012 order invaliding the liens. West Virginia Code § 38-16-404 does not apply to Petitioner DeBlasio's case, and as a *pro se* litigant, he is not entitled to attorney's fees. As to costs, the docket sheets of all of these cases show that Petitioner DeBlasio, as well as Petitioner Dilts and Mr. Dilts, have filed motions to be awarded their costs. Because those motions are still pending, this Court will not pass on the issue in the first instance. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958).

For the foregoing reasons, we find Petitioner Dilts's appeal in No. 11-1523 and Petitioner DeBlasio's appeal in No. 12-0223 to be moot and dismiss them as such.

Dismissed as Moot.

**ISSUED:** April 19, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4