## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)   No. 12-0951** (Morgan County 02-F-37)

**Benny Marshall King,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Benny Marshall King, *pro se*, appeals the order of the Circuit Court of Monongalia County, entered August 6, 2012, summarily dismissing his motion, in effect, to postpone his payment of court costs until such time that he is released from incarceration. Respondent State of West Virginia, by counsel Cynthia R.M. Gardner, filed a summary response and a motion to dismiss.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is moot. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2003, petitioner was convicted of three counts of sexual abuse by a custodian, three counts of incest, and three counts of third degree sexual assault against his stepdaughter. At sentencing, the circuit court ordered that certain of petitioner's sentences to run concurrently, and petitioner's overall sentence was ten to twenty years in prison. The circuit court also ordered that "[t]he State shall recover of [petitioner] its costs[.]" Those court costs are in the total amount of $4,858.23.

In 2007, the Division of Corrections began withholding a certain portion of petitioner's prison earnings to pay the court costs he owed the State pursuant to Policy Directive 111.06 and

---

[1] The State also filed a motion to file a supplemental appendix. In support of this motion, the State indicates that it was not served with petitioner's motion for abeyance of court costs and that the items contained in the supplemental appendix are necessary to fully present issues vital to the resolution of the case. Based upon a review of the supplemental appendix, this Court grants the State's motion and orders the supplemental appendix filed.

1

West Virginia Code § 25-1-3c. On April 24, 2007, petitioner filed a motion for abeyance of court costs challenging the withholding.

The circuit court denied the motion in a December 21, 2007 order. The circuit court examined two Code provisions that seemingly conflict. West Virginia Code § 29-21-16(g)(3) provides that payment of costs by a person sentenced to a term of imprisonment is not enforceable during the period of imprisonment absent specific findings. However, the circuit court found that statute was preempted by West Virginia Code § 25-1-3c that authorizes deductions from an inmate's earnings for legitimate court-ordered financial obligations. In addition, the circuit court found that because the State was paying for petitioner's necessities of life during incarceration and allows any remaining money to be used for discretionary spending, "deducting restitution and costs . . . is not an undue hardship." The circuit court's December 21, 2007 order denying the motion was not appealed to this Court.

On September 19, 2011, petitioner filed the instant motion for abeyance of court costs—his second such motion—adding a new argument. Petitioner argued that the transcript from his sentencing reflects the sentencing court's intention that court costs would be owing "upon [petitioner's] release[.]"

The circuit court summarily dismissed the September 19, 2011 motion in an order entered August 6, 2012. The circuit court found that petitioner failed to exhaust his administrative remedies. Even if the issue of the withholding was reached, the circuit court found that "[petitioner] is not placed in undue hardship simply because [petitioner] feels he cannot afford shampoo, pens, paper, and postage on $24.84 a month," citing West Virginia Code §§ 29-21-16(g)(1) and (2). The circuit court noted, again, that petitioner's necessities of life—food, clothing, and lodging—were being "paid for by the People of West Virginia."

On appeal, petitioner argues that his sentencing order should be amended to reflect the sentencing court's intention that court costs will not be owing until petitioner's release. Petitioner asks for a refund of all monies withheld during incarceration to pay court costs. In response, the State argues that the circuit court's August 6, 2012 order should be affirmed for a variety of reasons, including that the doctrine of res judicata barred petitioner's second motion for abeyance of court costs. The State asserts that petitioner could have made his argument about what the sentencing court allegedly intended when he filed his first such motion in 2007.

In its motion to dismiss, the State argued that petitioner's appeal will be rendered moot by his scheduled release from incarceration in 2013. Petitioner disputes that his release from incarceration will render his appeal moot.

We note that "'[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert,* 220 W.Va. 79, 640 S.E.2d 142 (2006).

It has been confirmed that petitioner has now been released from incarceration. Petitioner argues that this Court should order that he be allowed to pay court costs in monthly installments.

2

This request is similar to a request he put in each of his motions that the circuit court should direct that he would not have to pay court costs until either sixty or ninety days after his release. However, how court costs are paid after petitioner's release was not the issue in either motion. What petitioner argued, was that the partial withholding of his prison earnings to pay court costs should not have occurred. With petitioner's release from incarceration, that issue is no longer alive between the parties. Therefore, this Court finds that petitioner's appeal is moot and dismisses it as such.

Dismissed as Moot.

**ISSUED:** July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**