# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**David Cline,**
**Plaintiff Below, Petitioner**

**vs.)   No.  12-0799** (Hancock  County  11-C-137)

**Hancock County Commission,**
**Defendant Below, Respondent**


### MEMORANDUM DECISION

Petitioner David Cline, *pro se*, appeals the order of the Circuit Court of Hancock County, entered June 19, 2012, denying his motion to alter or amend the circuit court's June 4, 2012 order that dismissed his action as moot. Respondent Hancock County Commission, by counsel William T. Fahey, filed  a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a resident taxpayer in Hancock County, West Virginia. On July 26, 2011, petitioner filed a complaint seeking a declaratory judgment. Petitioner asked the circuit court to declare invalid respondent's June 23, 2011, order calling a special election for October 4, 2011, to approve an additional excess levy.

The intended purpose of the levy was "to provide [additional] financial support for the Hancock County Animal Shelter Foundation . . . for the fiscal years beginning July 1, 2012, July 1, 2013, and July 1, 2014." Pursuant to a lease and operating agreement, respondent contracts with the Foundation "with respect to the care, maintenance, control and destruction of dogs and cats pursuant to Chapter 19, Article 20 of the West Virginia Code."

In his complaint, petitioner contended that respondent lacked the authority to provide direct financial support to a private organization such as the Foundation and that the Foundation's goal of being a "low-kill" animal shelter went beyond respondent's statutory obligations to stray dogs and cats. Respondent filed a response disputing petitioner's contentions of law.

1

Following a September 23, 2011 hearing at which both parties appeared, the circuit court determined that "in the event that the levy fails in the election of October 4, 2011 then this matter would be moot and would be dismissed." If the voters approved the levy, the circuit court stated that it would give the case further consideration.

At a subsequent hearing on January 20, 2012, "Counsel for [respondent] advised the [circuit c]ourt that an official tally had been taken on the animal levy and it was defeated by the voters; on the basis thereof, counsel for [respondent] asked that this matter be dismissed as moot." The circuit court noted petitioner's argument that guidance was still needed in the event that there would be a future levy, but ruled that "[petitioner's] request was more for an advisory opinion which the Court was not inclined to grant." Accordingly, the circuit court dismissed petitioner's action as moot.

During the interval between the January 20, 2012 hearing and the entry of the dismissal on June 4, 2012, respondent called another special excess levy election to be held at the same time as the regularly scheduled primary election on May 8, 2012, "to provide [additional] financial support for the Foundation . . . for the fiscal years beginning July 1, 2012, July 1, 2013, July 1, 2014, *and July 1, 2015.*" (emphasis added) After this special election was called by an order entered March 1, 2012, petitioner attempted to have his case reopened.

The circuit court scheduled a hearing for June 8, 2012, but later decided to cancel the hearing and enter its order dismissing petitioner's action as moot. Petitioner filed a motion to alter or amend the circuit court's June 4, 2012 order, which the court denied by an one-page order entered June 19, 2012.

"'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert,* 220 W.Va. 79, 640 S.E.2d 142 (2006).

On appeal, petitioner indicates that after the second special election occurred on May 8, 2012, during which the voters approved the excess levy, respondent issued an order establishing the new levy rates. Petitioner argues that the issue between the parties is alive and that the controversy continues. In response, respondent argues that no basis exists in either fact or law for reviving petitioner's action and that if petitioner wanted to challenge the levy that was approved on May 8, 2012, he should have instituted a new action.

Petitioner filed his action to challenge respondent's June 23, 2011 order calling the October 4, 2011 special election to approve an additional excess levy to support the Foundation for the fiscal years beginning on beginning July 1, 2012, July 1, 2013, and July 1, 2014. That excess levy was defeated. The special election subsequently called for May 8, 2012 had not been ordered at the time petitioner filed his action. Also, the excess levy that was approved in the May 8, 2012 election is different from the levy that was defeated on October 4, 2011, in that the approved levy included funding for the fiscal year beginning on July 1, 2015. After careful consideration, this Court finds that the voters' defeat of the levy on October 4, 2011, rendered petitioner's action

2

moot. Therefore, the Court concludes that the circuit court did not err in dismissing the case.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Hancock County and affirm the circuit court's order, entered June 19, 2012, denying petitioner's motion to alter or amend its June 4, 2012 order that dismissed his action as moot.

Affirmed.


**ISSUED:**  July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**