# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: K.H., T.H., & C.H.**

**No. 15-0371** (Clay County 14-JA-11, 14-JA-12, & 14-JA-13)

## MEMORANDUM DECISION

Petitioner Mother D.H., by counsel Wayne King, appeals the Circuit Court of Clay County's March 25, 2015, order terminating her parental rights to fourteen-year-old twins K.H. and T.H., and seventeen-year-old C.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Barbara A. Harmon Schamberger, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating petitioner abused and neglected her three children and allowing the children discretion in whether to participate in visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed a petition for immediate custody of the minor children, alleging that they were in imminent danger due to petitioner's use of controlled substances in their presence; failing to provide the children with food; residing with her children in a residence without running water; and petitioner had sexual intercourse in the children's presence. The following day, the circuit court held a preliminary hearing. A DHHR worker testified that the residence did not have running water or heat and that there were syringes in the home. The worker also testified that T.H. witnessed petitioner and her boyfriend melt a substance in a microwave and with a spoon and lighter before injecting themselves. Additionally, the worker testified that the children told her that they witnessed petitioner and her boyfriend have sexual intercourse in their presence. Based on this testimony, the circuit court found that imminent danger existed and that the DHHR properly took custody of the children.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

Thereafter, the circuit court held an adjudicatory hearing. K.H. testified that petitioner and her boyfriend had inappropriate sexual contact in the children's presence. K.H. also testified that the house regularly did not have heat or running water and that the children had to eat from dirty dishes. K.H. further testified that she witnessed petitioner "make dope," inject herself with a liquid, and snort blue pills. T.H.'s testimony substantially corroborated K.H.'s. Petitioner testified and categorically denied the allegations. Based upon the evidence presented, the circuit court found that petitioner abused and neglected the children. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period. The terms and conditions of petitioner's improvement period required her to remain drug and alcohol free, obtain a suitable residence, submit to random drug and alcohol screens, participate in parenting and adult life skills classes, undergo a psychological evaluation, and complete an outpatient drug treatment program.

During the dispositional hearing, a DHHR worker testified that petitioner's residence continued to not have heat or running water. The worker also testified that petitioner failed to enroll in an outpatient drug treatment program. The circuit court continued the hearing. In December of 2014, the circuit court held a review hearing during which the DHHR presented evidence that petitioner tested positive for marijuana. However, the circuit court granted petitioner visitation with her children. The following month, the circuit court held another review hearing during which the DHHR presented evidence that petitioner failed to obtain psychological services. Therefore, based on petitioner's failure to comply, the circuit court denied petitioner's motion for an extension of her improvement period.

In February of 2015, the circuit court held its final dispositional hearing. Petitioner did not attend. The circuit court took judicial notice of all prior evidence and testimony, and noted that additional evidence was taken during the hearing.[2] Based on all the evidence, the circuit court found that petitioner failed to remain drug and alcohol free, failed to submit to a psychological evaluation, and failed to undergo substance abuse treatment. Given those findings, the circuit court concluded that petitioner could not substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. By order entered March 25, 2015, the circuit court terminated petitioner's parental rights to the children. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[2]The parties did not include the final dispositional hearing transcript as part of the joint appendix record.

2

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in determining that the children's testimony was more credible than her own. Petitioner argues that the circuit court failed to properly consider her testimony which directly refuted K.H. and T.H.'s testimony. "A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); *see also In re: Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (stating that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." (citations omitted)). We will not "second-guess" the circuit court's findings as to the credibility of these witnesses, and, we find no error in the circuit court's finding that the children's testimony was more credible.

Finally, petitioner's argument that the circuit court erred in allowing the children to dictate the terms and conditions of visitation during the underlying proceedings is moot because petitioner's parental rights were terminated. "Courts will not ordinarily decide a moot question." Syl. Pt. 1, *Tynes v. Shore*, 117 W.Va. 355, 185 S.E. 845 (1936). "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908). Petitioner also failed to cite to any applicable law in support of her argument. *See* Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure (stating that a petitioner's argument "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). Furthermore, petitioner did not raise the issue of post-termination visitation before the circuit court. We have often stated that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles,* 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.,* 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Therefore, based on the circumstances of this case, we find no error to warrant reversal.

For the foregoing reasons, we find no error in the circuit court's March 25, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II