# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Carolyn Foose,**
**Petitioner Below, Petitioner**

vs) **No. 14-1312** (Kanawha County 11-AA-48)

**Karen L. Bowling, Cabinet Secretary of**
**The West Virginia Department of Health**
**and Human Resources, Respondent Below,**
**Respondent**

**FILED**

December 7, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Carolyn Foose, *pro se*, appeals the December 23, 2014, order of the Circuit Court of Kanawha County dismissing as moot her petition for a writ of certiorari challenging Respondent's denial of prior authorization for petitioner to receive eighteen additional physical therapy sessions from November 19, 2010, to December 31, 2010. Respondent Karen L. Bowling, Cabinet Secretary of The West Virginia Department of Health and Human Resources ("WVDHHR"), by counsel Mary G. McQuain, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a recipient of West Virginia Medicaid benefits, who received nineteen sessions of general physical therapy during the year 2010. In her twentieth session, petitioner underwent an evaluation to determine whether aquatic therapy would be an appropriate treatment for her.[1] Because petitioner already received twenty sessions of physical therapy, she was required to obtain prior authorization for additional therapy sessions. Petitioner submitted a request for eighteen sessions of aquatic therapy to run from November 19, 2010, to December 31, 2010. On

---

[1] Aquatic therapy is classified as a type of physical therapy.

1

November 19, 2010, WVDHHR's review contractor denied petitioner's request as not meeting the criteria for medical necessity.

On November 29, 2010, petitioner requested a hearing to contest the denial of additional physical therapy sessions before WVDHHR's Board of Review. At the January 26, 2011, hearing,[2] WVDHHR argued that petitioner's request for additional therapy sessions had been rendered moot by the change of the calendar year to 2011. WVDHHR explained that each Medicaid recipient was eligible for twenty physical therapy sessions per year without prior authorization. Accordingly, in an order entered on February 2, 2011, the Board of Review dismissed petitioner's contest of the denial as moot because, on January 1, 2011, petitioner became "eligible for twenty (20) [physical therapy] visits for the new calendar year" without having to obtain prior authorization.

On April 1, 2011, petitioner filed a petition for a writ of certiorari in the Circuit Court of Kanawha County challenging the Board of Review's dismissal of her contest of the denial of continued physical therapy sessions from November 19, 2010, to December 31, 2010. WVDHHR filed a response on May 2, 2011, and transmitted the administrative record to the circuit court on October 12, 2011. Thereafter, the case laid largely dormant until the entry of the circuit court's dismissal order on November 5, 2014.[3] In its dismissal order, the circuit court noted that by the time that petitioner had filed her petition in April of 2011, the service year for which petitioner was contesting the denial of benefits "had already ended." Accordingly, the circuit court determined that "[t]he issued raised by [p]etitioner . . . is moot and there is no issue to be decided by the Court."

Petitioner now appeals the circuit court's November 5, 2014, order dismissing her challenge to the denial of benefits as moot. "This Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment." Syl. Pt. 1, *Bills v. Hardy*, 228 W.Va. 341, 342, 719 S.E.2d 811, 812 (2011) (internal quotations and citations omitted).[4]

On appeal, petitioner first asserts that her contest of the denial of continued physical therapy sessions from November 19, 2010, to December 31, 2010, is not moot. "'Moot questions

---

[2]Petitioner did not appear at the January 26, 2011, hearing because her request to submit her argument in writing was granted. Petitioner was afforded the opportunity to participate in the hearing by telephone, but declined to do so.

[3]Petitioner filed a "motion to place case on court calendar" on January 25, 2012, that was not acted upon by the circuit court.

[4]WVDHHR decisions regarding Medicaid benefits are not subject to a court's review under the Administrative Procedures Act ("APA") because such determinations involve receipt of public assistance. *Bills*, 228 W.Va. at 345 n. 17, 719 S.E.2d at 815 n. 17. "A writ of certiorari in the Circuit Court of Kanawha County is the proper means for obtaining judicial review of a decision made by a state agency not covered by the [APA]." Syl. Pt. 3, *Id.* at 342, 719 S.E.2d at 812 (internal quotations and citations omitted).

or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 80, 640 S.E.2d 142, 143 (2006). We agree with the analysis of both the circuit court and the Board of Review that when the 2010 service year—for which petitioner was contesting the denial of benefits—ended, there was no longer a live issue between the parties because the beginning of the new 2011 service year renewed petitioner's eligibility for twenty physical therapy sessions without prior authorization. Thus, we conclude that petitioner's contest of the denial of additional therapy sessions for 2010 has been rendered moot.

Second, petitioner asserts that if the case is now moot, this Court should nevertheless address the denial of benefits pursuant to the principles set forth in Syllabus Point 1 of *Israel v. Secondary Schools Activities Commission*, 182 W.Va. 454, 455, 388 S.E.2d 480, 481 (1989). But, rather than arguing those factors are present in this case,[5] petitioner instead expresses her frustration with various WVDHHR actions that petitioner alleges have hindered her timely receipt of benefits over a eighteen year timespan (1997 through 2015). WVDHHR counters that petitioner raises issues totally irrelevant to the matter at hand, which is whether the circuit court abused its discretion in dismissing petitioner's certiorari petition as moot. We agree with WVDHHR that while petitioner invokes the principles of *Israel*, she does not explain how those factors apply in the instant case to indicate that we should address a moot issue. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs."); *accord State v. Honaker*, 193 W.Va. 51, 56 n. 4, 454 S.E.2d 96, 101 n. 4 (1994). Therefore, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's challenge to the denial of benefits as moot.

For the foregoing reasons, we affirm the circuit court's November 5, 2014, order dismissing as moot petitioner's petition for a writ of certiorari challenging the denial of benefits.

---

[5]In Syllabus Point 1 of *Israel*, we held, as follows:

> Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

182 W.Va. at 455, 388 S.E.2d at 481.

Affirmed.

**ISSUED:** December 7, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4