# CHARLESTON

STATE *ex rel. &c. v.* CARTER *et al.*

Submitted January 28, 1908.    Decided March 3, 1908.

1. APPEAL—*Moot Questions—Review.*

   Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court. (p. 685.)

2. SAME—*Dismissal.*

   If, pending writ of error to a judgment awarding *mandamus* commanding the appointment of certain election commissioners, the election has been held · and the alleged right involved has thereby ceased to exist, the writ of error will be dismissed. (p. 685.)

Error to Circuit Court, Mercer County.

Application by the State, on the relation of H. A. Lilly and others against E. E. Carter and others for writ of *mandamus.* From an order granting the writ, defendants bring error.

*Dismissed.*

HAROLD A. RITZ, for plaintiff in error.

ROBINSON, JUDGE:

A writ of *mandamus* was sought and obtained, April 17, 1906, compelling respondents, the mayor and council of the city of Bluefield, to appoint certain commissioners for an election in said municipality to be held on the first Tuesday in May of that year. To the judgment awarding such writ of *mandamus*, this writ of error was prayed and awarded, April 20, 1906. It is, therefore, to be observed that the election at which said commissioners were to serve has long since been held. The determination of the controversy at this date could have no vitality. It would avail nothing to any of the parties. It could not have bearing upon, or affect, the manner of holding such election or the result thereof. When the date of that election passed, rights in relation to the holding thereof passed out of substantial existence. Time has caused the questions involved to be mere abstract propositions or moot questions.

This case is, therefore, controlled by *State* v. *Lambert*, 52 W. Va. 248, wherein it is held, upon reason and eminent authority, that we cannot decide moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property. That case was quite analogous to this, and it is there further held: "If pending a writ of error to a judgment of a circuit court, awarding a peremptory writ of *mandamus*, commanding the clerk of a municipal corporation to place the name of the plaintiff, as a candidate for office, on the official ballot to be voted for in an election to be held in such corporation, the election has been held and the alleged right involved has ceased to exist, the writ of error will be dismissed." In brief, the jurisdiction of a court can be invoked to determine only matters that are live and that effect existing rights of parties—rights that mean something to litigants.

Being precluded, as aforesaid, from consideration of questions now determined by lapse of time, it remains only for us to say that the writ of error must be dismissed, and, upon authority of the case cited, without costs.

*Dismissed.*