## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Involuntary Hospitalization of B.N.,
Respondent Below, Petitioner**

**FILED**

May 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 12-0657** (Mercer County 12-MH-56)

## MEMORANDUM DECISION

Petitioner B.N.,[1] by David B. Kelley, his attorney, appeals the order of the Mental Hygiene Commissioner of Mercer County committing him to Mildred Mitchell Bateman Hospital for examination upon a finding of probable cause that petitioner was likely to harm himself or others. There is no respondent.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is moot. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 18, 2012, Jessica N., petitioner's daughter, filed an application pursuant to West Virginia Code § 27-5-2 for the commitment of petitioner for a mental health examination. As part of the application, Jessica N. alleged that petitioner made two suicide attempts and attacked both herself and her mother, petitioner's wife. Jessica N. certified that she believed petitioner to be mentally ill and likely to harm himself or others.

Based on Jessica N.'s application, a probable cause hearing was scheduled for March 19, 2012. Petitioner's mental health examination occurred at the Princeton Community Hospital on March 18, 2012.[3]

---

[1] Because of the need to discuss his mental condition, petitioner is referred to only by his initials. *See Markey v. Wachtel*, 164 W.Va. 45, 47 n. 2, 264 S.E.2d 437, 439 n. 2 (1979).

[2] The person making the application for commitment for a mental health examination was petitioner's daughter, Jessica N. However, by a prior order entered November 1, 2012, this Court determined that on appeal, "there is no respondent and no response brief shall be filed."

[3] According to Jessica N., petitioner was already at the Princeton Community Hospital because he had been hospitalized. Jessica N. indicated that petitioner was in need of medical care because of a physical condition.

1

In the Certificate of Licensed Examiner, the mental health professional reported she received information from petitioner, family members, and a Deputy Coulter.[4] She also listened "to time/dated recordings of [petitioner] voicing s[uicidal] i[deation] today." She opined that petitioner was mentally ill and likely to harm himself or others. The mental health professional concluded that "[petitioner] should be committed for further evaluation pursuant to [West Virginia Code] § 27-5-3."[5] Less restrictive alternatives were not being attempted because: "P[atien]t not agreeable."

In his order directing petitioner's commitment for examination at Mildred Mitchell Bateman Hospital, the mental hygiene commissioner found that petitioner was suffering from a mental illness and that he was likely to harm himself or others. The commissioner based his finding of probable cause on the following specific facts: "[Petitioner]'s behavior has suddenly become extremely violent. He is threatening to kill family members and reportedly attacked one or more; he is expressing an intent to kill himself and reportedly made a couple of attempts. He shows some religious ideation and reportedly hasn't eaten in three days."

On appeal, petitioner asserts that at the probable cause hearing, the mental health professional testified on cross-examination that petitioner was semi-cooperative and very lucid, and Jessica N. testified that she has been estranged from petitioner for some time and that "Dad has always hated me." Petitioner argues that it is violative of his due process rights that he is unable to show how effective his counsel's cross-examinations of the mental health professional and Jessica N. were because neither West Virginia Code § 27-5-2 nor West Virginia Code § 27-5-3 required the probable cause hearing to be recorded. Petitioner states that after the examination pursuant to West Virginia Code § 27-5-3, he was released and is now back living at his residence at Princeton, West Virginia.

"'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert,* 220 W.Va. 79, 640 S.E.2d 142 (2006). Although his mental hygiene matter concluded without proceeding to a final commitment hearing,[6] petitioner pursues an appeal

---

[4] According to the mental health professional, both petitioner's wife and Deputy Coulter reported that he had been threatening to kill himself. Jessica N. had indicated on the application for petitioner's commitment that Deputy Coulter had prepared a police report. The police report is not part of the record on appeal.

[5] West Virginia Code § 27-5-3 governs the involuntary hospitalization of a mental hygiene respondent for further examination (seven to ten days).

[6] After a final commitment hearing, which is required to be recorded pursuant to West Virginia Code § 27-5-4(j)(4), a mental hygiene respondent may be hospitalized for an indeterminate period (two years, unless extended) or six months on a temporary observatory basis. *See* W.Va. Code §§

of the mental hygiene commissioner's order because of two collateral consequences of the order: (1) his placement in the central state mental health registry pursuant to West Virginia Code 61-7A-3; and (2) not being able to possess firearms pursuant to West Virginia Code § 61-7-7(a)(4).

"Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided." *See* Syl. Pt. 1, *Israel v. Secondary Schools Activities Commission,* 182 W.Va. 454, 388 S.E.2d 480 (1989). Considering the third factor first, if a mental hygiene respondent is released following the examination pursuant to West Virginia Code § 27-5-3 without the need for a final commitment hearing, the issue of his being committed pursuant to West Virginia Code § 27-5-3 may escape appellate review because of its determinate nature.

However, the case at bar fails to meet the first two factors set forth in *Israel* for petitioner's appeal to go forward despite the case being moot. First, placement in the central state mental health registry and not being able to possess firearms are insufficient collateral consequences as to justify relief. This is so because of West Virginia Code § 61-7A-5 which allows a previously committed person to petition to be taken off the registry and to have his right to possess a firearm restored. Second, because West Virginia Code § 61-7A-5 allows persons who have been involuntarily committed to petition to have their firearm rights restored, this case, although understandably important to petitioner, does not present any questions of great public interest that must be decided for the guidance of the bar and the public. Therefore, after careful consideration, this Court dismisses as moot petitioner's appeal of the mental hygiene commissioner's order directing petitioner's involuntary hospitalization for examination pursuant to West Virginia Code § 27-5-3.

Dismissed as Moot.

**ISSUED:** May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

27-5-4(l)(1) and (4).