# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**T.A.M.,**
**Respondent Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 12-0544** (Monongalia County 11-DV-569)

**C.M.K.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner T.A.M.,[1] appearing *pro se*, appeals the order of the Circuit Court of Monongalia County, entered March 14, 2012, denying his appeal of a domestic violence protective order ("DVPO")entered by the Family Court of Monongalia County that subsequently expired on August 20, 2012. Respondent C.M.K., by counsel Raymond H. Yackel, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented in the parties' written briefs and the record on appeal, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is moot. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 14, 2011, respondent appeared before the Magistrate Court of Monongalia County, *ex parte*, to present a verified domestic violence petition. Based upon the allegations contained in the petition, the magistrate court entered an emergency protective order ("EPO") that set forth information as to the date, time, and location of the final hearing before the Family Court of Monongalia County. The EPO was served on petitioner at 9:30 p.m. that same evening.

On November 23, 2011, the family court conducted a hearing on the petition. Respondent offered testimony on both direct and cross-examination; after which, a recess occurred. When the hearing recommenced, the family court took additional testimony. However, the family court unknowingly failed to record the post-recess portion of the hearing.

Following the hearing, the family court granted respondent a domestic violence protective ("DVPO") order for 180 days, until May 21, 2012. Petitioner appealed arguing that the family court's DVPO should be vacated, and the magistrate court's EPO reinstated, because the family court failed to record the November 23, 2011 hearing in its entirety. Petitioner argued that the case

---

[1] Because this is a domestic violence case, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

be remanded to the family court for a new hearing. Following a December 21, 2011 hearing on petitioner's appeal, the Circuit Court of Monongalia County vacated the family court's DVPO, reinstated the magistrate court's EPO, and remanded the case with directions for the family court "to resume taking evidence from the point that the recording of the November 23, 2011 hearing ceased."

The remand hearing before the family court took place on January 17, 2012, at which respondent again testified. Petitioner testified. Petitioner also presented testimony from two witnesses.

The family court reentered a 180-day DVPO against petitioner ordering him to stay 200 feet from respondent's home. In the DVPO, the family court found that respondent was more credible than petitioner and that petitioner placed respondent in reasonable apprehension of physical harm "by harassment, stalking, psychological abuse or threatening acts." The family court once again ruled that the DVPO would expire on May 21, 2012.[2]

Petitioner appealed the reentered DVPO to the circuit court. At a February 14, 2012 hearing, petitioner argued that domestic violence proceedings do not comport with procedural and substantive due process, and unduly restrict fundamental rights such as the freedom of movement and the right to keep and bear arms. Following the hearing, the circuit court affirmed the family court's entry of the DVPO. The circuit court determined that petitioner's constitutional arguments were without merit noting, *inter alia*, that restrictions on his rights would exist "only for the limited duration of a [DVPO]." (Footnote omitted.).

Petitioner appealed the circuit court's March 14, 2012, order affirming the 180-day DVPO entered by the family court on April 13, 2012. Subsequent to the filing of petitioner's appeal, respondent requested a ninety-day extension of the DVPO. On May 18, 2012, the family court entered an order extending the DVPO to August 20, 2012. On June 21, 2012, the circuit court affirmed the family court's May 18, 2012 order extending of the DVPO to August 20, 2012. Petitioner has not appealed the circuit court's June 21, 2012 order affirming the DVPO's extension.

Petitioner appeals only the order entered March 14, 2012, that affirmed the 180-day DVPO that was reentered after the remand hearing. Petitioner argues that the Code sections governing domestic violence proceedings[3] lack constitutional safeguards and strip persons of substantial liberties. Petitioner asserts that the domestic violence statutes allow persons to unfairly use the State as a tool to rid themselves of unwanted relationships. Respondent argues that the domestic violence statutes are constitutional and that the family court's finding that petitioner engaged in behavior that placed her in a reasonable apprehension of harm is well-supported by the evidence.

---

[2] In ruling that the DVPO would expire on May 21, 2012, the family court calculated the DVPO's 180-day duration from the date of the original November 23, 2011 DVPO that the circuit court vacated.

[3] W.Va. Code §§ 48-27-101 to -1105.

The record reflects that the 180-day DVPO petitioner is appealing was extended once and then expired by its own terms on August 20, 2012. "'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert,* 220 W.Va. 79, 640 S.E.2d 142 (2006).

Even though a case is moot, issues raised upon appeal may still be adjudicated in some instances:

> Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Syl. Pt. 1, *Israel by Israel v. Secondary Schools Activities Commission,* 182 W.Va. 454, 388 S.E.2d 480 (1989).

The DVPO in the case at bar, like most DVPO's, was of a determinate nature. However, this case does not present any question of great public interest. While restrictions of certain constitutional rights may be among the consequences of an entry of a DVPO, such restrictions exist only for the limited duration of the DVPO. In this sense, the restrictions are more like direct consequences, rather than collateral consequences, because they do not outlive the DVPO's expiration. Therefore, although this case is understandably important to the petitioner, and to the respondent as well, it presents no question that must be decided for the guidance of the bar and the public. After careful consideration, this Court dismisses as moot petitioner's appeal from the circuit court's March 13, 2012 order affirming the now-expired DVPO.

Dismissed as Moot.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II