# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Donald Lee Taylor,**
**Petitioner Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1211** (Randolph County 12-C-72)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Lee Taylor, appearing *pro se*, appeals the order of the Circuit Court of Randolph County, entered September 21, 2012, that denied his petition for writ of habeas corpus that alleged the West Virginia Parole Board abused its discretion in denying him parole. Respondent Warden, by counsel Steven R. Compton, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is moot. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of first degree murder and sentenced to a life term in prison with the possibility of parole. On April, 23, 2012, the Parole Board denied parole because of the serious nature of petitioner's offense, his past probation and bond violations, his convictions on four prison disciplinary violations within the past year, and his 138 disciplinary "write-ups" while incarcerated. In denying parole, the Parole Board noted that petitioner would be re-interviewed in April of 2013.

On April 27, 2012, petitioner filed a petition for writ of habeas corpus that alleged the West Virginia Parole Board abused its discretion in denying him parole. The circuit court denied the petition on September 21, 2012.

On October 17, 2012, petitioner appealed the denial of his petition to this Court. On appeal, petitioner seeks his release from prison. Respondent counters that petitioner cannot show that the Parole Board arbitrarily denied him parole in April of 2012.

The Division of Corrections has informed this Court that petitioner was released on parole on May 28, 2013. Petitioner's release on parole renders his appeal of the April of 2012 denial of parole moot. "'Moot questions or abstract propositions, the decision of which would avail nothing

1

in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 640 S.E.2d 142 (2006). Accordingly, the Court dismisses as moot petitioner's appeal.

Dismissed as Moot.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II