# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: M.T., J.P., & A.D.**

**No. 15-0444** (Harrison County 14-JA-93 through 14-JA-95)

## MEMORANDUM DECISION

Petitioner Mother C.D., by counsel Perry P. Jones, appeals the Circuit Court of Harrison County's April 13, 2015, order terminating her parental and custodial rights to M.T., J.P., & A.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Julie N. Langford Garvin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental and custodial rights instead of imposing a less-restrictive dispositional alternative and without considering the children's wishes regarding termination.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that she was operating a clandestine methamphetamine lab while her children were present in the home. The Clarksburg Police Department investigated petitioner's home and found an active methamphetamine lab in petitioner's home and described the home as "a train wreck of illegal activity." As a result of the investigation, petitioner was arrested and charged with one count of felony child neglect.

The following month the circuit court held an adjudicatory hearing during which three different law enforcement officers testified.[3] Petitioner refused to testify despite the circuit

---

[1]M.T. reached the age of majority three days after the circuit court entered its order terminating petitioner's parental and custodial rights.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

court's warning that her silence could be considered as affirmative evidence of the abuse. After considering the testimony of the law enforcement officers, the circuit court adjudicated petitioner as an "abusive and neglectful parent." In April of 2015, the circuit court held its first dispositional hearing. During this hearing, A.D. and M.T.'s biological fathers each voluntarily relinquished their parental rights. The circuit court heard proffers that then-seventeen-year-old M.T. "[did] not desire termination of [petitioner's] parental rights." Ultimately, the circuit court continued the dispositional hearing to allow the DHHR to file the children's case plan seeking termination of petitioner's parental rights. During the continued dispositional hearing, a methamphetamine remediation contractor testified that all of the contents of petitioner's residence must be removed, disposed of properly, and "nothing can be reused." The circuit court also considered the guardian's report that noted that then-ten-year-old A.D. could not read, and that petitioner stole M.T.'s identity. Based upon the testimony and evidence at this dispositional hearing, and previous proceedings, the circuit court terminated petitioner's parental and custodial rights. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order terminating petitioner's parental and custodial rights.

First, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. However, the record is clear that the circuit court did not err in denying petitioner's motion because she failed to satisfy the necessary burden of proof. Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Moreover, in discussing improvement periods, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth

---

[3]A transcript of the adjudicatory hearing was not included as part of the appendix record.

of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

In the instant matter, it is clear that petitioner failed to acknowledge the existence of the conditions of abuse and neglect in the home. During the adjudicatory hearing, three police officers testified that they discovered an active methamphetamine lab in petitioner's home where the children were present. A remediation expert also testified that all the contents of the house must be removed. Further, during the pendency of this case, petitioner refused to testify and offered no evidence to refute the testimony of the officers or the remediation expert.

We have previously held that

"[b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability." Syl. pt. 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996).

Syl. Pt. 3, *In re Marley M.*, 231 W.Va. 534, 745 S.E.2d 572 (2013). Based upon this holding, the circuit court properly considered petitioner's silence as evidence of her culpability. Ultimately, the circuit court found that petitioner "acted with total disregard to the health and welfare of her children" and "actively placed her two youngest children in harm's way on a daily basis[.]" It is clear that petitioner could not establish she was likely to fully participate in a post-adjudicatory improvement period, especially in light of her refusal to acknowledge the underlying conditions of abuse and neglect in the home. As such, we find no error in the circuit court denying petitioner's motion.

Further, the Court finds that the circuit court properly terminated petitioner's parental and custodial rights upon a finding that she could not substantially correct the conditions of abuse and neglect in the home. Contrary to petitioner's argument that a less-restrictive dispositional alternative existed, namely leaving the children in the temporary custody of a suitable person, the record is replete with evidence supporting the circuit court's decision. West Virginia Code § 49-6-5(b)(5) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when

[t]he abusing parent . . . ha[s] repeatedly or seriously injured the child physically, . . . and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems or assist the abusing parent . . . in fulfilling their responsibilities to the child.

3

As noted above, the circuit court found that petitioner "knowingly placed her children in harm's way" and "has the intellectual capacity to understand the danger in which she placed her children." Again, during the underlying hearings, petitioner refused to refute the testimony that she had an active methamphetamine lab in her home while the children were present. Therefore, the circuit court did not err in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

Further, petitioner's argument that less-restrictive alternatives existed in this matter ignores previous decisions of this Court. This Court has often held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code, 49–6–5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va.Code, 49–6–5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). Given its findings, the circuit court did not err in terminating petitioner's parental and custodial rights without the use of intervening less-restrictive alternatives. Therefore, upon our review of the record, we find no error.

Finally, petitioner argues that the circuit court erred in terminating her parental and custodial rights without considering the wishes of her children. This Court finds no merit to petitioner's argument. "[T]he [circuit] court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." W.Va. Code § 49-6-5(a)(6)(C). As it relates to M.T. the circuit court specifically found that M.T. "does not desire termination of [petitioner's] parental rights. Furthermore, we find that this issue is moot as it relates to M.T. because she reached the age of majority and is free to pursue an adult relationship with petitioner. "Courts will not ordinarily decide a moot question." Syl. Pt. 1, *Tynes v. Shore*, 117 W.Va. 355, 185 S.E. 845 (1936). "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908). As to J.P. and A.D., the circuit court was not required to consider the children's wishes because they were only eleven years old and nine years old, respectively, at the time of the proceedings. Therefore, we find no error to warrant reversal.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 13, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II