STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

**June 3, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**John Christian,**
**Petitioner Below, Petitioner**

**vs)   No. 15-0541** (Pleasants County 15-P-9)

**Patrick Mirandy, Warden, St. Mary's Correctional**
**Center, West Virginia Parole Board, and**
**Benita Murphy, Chairperson, West Virginia Parole Board,**
**Respondents Below, Respondents**


**MEMORANDUM DECISION**

Petitioner John Christian, pro se, appeals the May 12, 2015, order of the Circuit Court of Pleasants County denying his petition for a writ of habeas corpus. Respondent West Virginia Parole Board ("board"), by counsel Benjamin Freeman, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal has been rendered moot. For these reasons, a memorandum decision dismissing the appeal is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 23, 2003, petitioner was indicted for first degree murder and unlawful possession of a firearm. On March 4, 2005, petitioner pled guilty to second degree murder and admitted to a recidivist information pursuant to a plea agreement. Petitioner's attorney advised the trial court that petitioner was accepting the plea agreement because it allowed him to avoid a recidivist life sentence pursuant to West Virginia Code § 61-11-18(c). On May 24, 2005, the trial court sentenced petitioner to forty years of incarceration for the murder conviction with an additional five years based on the recidivist information which was filed pursuant to West Virginia Code § 61-11-18(a). Petitioner appealed the circuit court's sentencing order. This Court refused petitioner's appeal on May 11, 2006, in Case No. 060591.[1]

---

[1]We take judicial notice of the record in Case No. 060591.

1

Subsequently, petitioner had a parole hearing on December 10, 2014. Based on the audio recording,[2] the board first noted that petitioner had a lengthy criminal history with prior convictions in Ohio, Pennsylvania, and Florida. The board then noted that the victim in petitioner's case participated in a group of youths[3] who had mistreated petitioner's son. The board found that petitioner had done a good job taking classes during his incarceration, but inquired as to why petitioner had recently lost his job in the prison library. Petitioner responded that he had been found guilty of a rule violation for performing unauthorized legal work for another inmate. At the conclusion of the hearing, the board denied parole to petitioner and scheduled his next parole review for December of 2015. The board informed petitioner that he was "doing good with [his] programming," but that he should maintain a good prison work record. In its December 10, 2014, parole decision summary, the board listed the following reasons for denying parole: (1) a prior unsatisfactory supervision record; (2) lack of community support for release on parole; (3) negative official input; and (4) "violent offense against a very vulnerable victim." Based on notations at the bottom of the decision summary, it was both "created" and "last modified" by petitioner's caseworker on November 17, 2014, rather than "last modified" by a member of the board on the date of the hearing.

On December 17, 2014, petitioner filed an administrative appeal to the denial of parole with the board's chairperson. Petitioner attached evidence to his appeal that his victim was not "very vulnerable." Petitioner also challenged the determination that he had an unsatisfactory supervision record because he successfully completed a period of parole in the State of Ohio in July of 1993. Last, petitioner questioned whether the December 10, 2014, parole hearing was a sham based on the notations at the bottom of the decision summary. The board's chairperson denied petitioner's appeal on January 12, 2015. The board's chairperson informed petitioner that the board took "everything into consideration" and that "successfully completing one parole term does not negate the fact that you did not complete other terms successfully." However, based on a review of the evidence attached to petitioner's appeal, the board's chairperson amended the December 10, 2014, decision and changed the finding of "a very vulnerable victim" to "willful act of violence resulting in death with a pattern of violent behavior reflecting continuing risk to the public."

Petitioner filed a petition for a writ of habeas corpus on April 15, 2015, challenging the December of 2014 denial of parole. The circuit court entered an order denying the petition on May 15, 2015. The circuit court determined that the substitution of one reason for another did not prejudice petitioner because three other reasons for the board's decision were listed in the summary. The circuit court found that the board's decision was not "pre-made" because the November 17, 2014, date included in the notations at the bottom of the summary "was most likely

---

[2]Neither party included that the audio recording of the December 10, 2014, parole hearing in the record on appeal. Therefore, by an order entered April 21, 2016, we acted on our own motion and supplemented the record with the audio recording pursuant to Rule 6(b) of the West Virginia Rules of Appellate Procedure.

[3]The victim was eighteen years old.

2

the date [that] the form was printed for inclusion in [petitioner]'s file in preparation for his . . . parole hearing." The circuit court determined that petitioner was given "the opportunity to be heard at his parole hearing" and also exercised his right to file an administrative appeal from that hearing. Accordingly, the circuit court concluded that the board provided due process to petitioner during his 2014 parole review and denied his petition.

Petitioner appealed the circuit court's May 15, 2015, order denying his habeas petition on June 8, 2015. During the pendency of this appeal, petitioner had a 2015 parole review and the board denied parole in a decision dated December 9, 2015. The notations at the bottom of the board's decision summary indicated that it was "last modified" by a member of the board on the date of the December 9, 2015, parole hearing. Petitioner does not dispute that the December 9, 2015, decision to deny parole constituted a decision on the merits.

"'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 640 S.E.2d 142 (2006).

A question of mootness arises when an inmate is reevaluated for parole during a challenge to a past denial of parole. *See Vance v. Holland*, 177 W.Va. 607, 609, 355 S.E.2d 396, 398 (1987). In *Vance*, we determined that the inmate's habeas petition had not been rendered moot because we found that his statutory right to an annual parole review had been violated for an effective period from 1975 to 1986. *Id.* at 610, 355 S.E.2d at 398. Accordingly, we concluded that the 1986 parole review did not "fully correct" the prejudice suffered by the inmate from being improperly denied annual reviews because, in the 1986 review, the board denied parole to the inmate based, in part, on disciplinary infarctions "which occurred during years when access to the [b]oard was denied." *Id.* at 610-11, 355 S.E.2d at 399.

In contrast, petitioner alleges that he was denied access to the board only to the extent that he contends that the December 17, 2014, hearing was a sham. Having reviewed the audio recording of the December 17, 2014, hearing, we find that it was not a sham. Thus, we find that, while petitioner still had the right to challenge the December of 2014 denial of parole, there is no basis for any determination that the board could not properly consider petitioner's class completion rate, work record, etc. for the period between the December of 2014 and December of 2015 parole hearings. Therefore, we determine that petitioner's case is distinguishable from the situation confronted by us in *Vance* and conclude that petitioner's December of 2015 parole review rendered his challenge to the December of 2014 denial of parole moot. We dismiss petitioner's appeal as moot.

Dismissed as Moot.

**ISSUED:** June 3, 2016

3

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II