## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**J.F.,**
**Petitioner Below, Petitioner**

**vs.)**     **No. 21-0813** (Kanawha County 21-SAP-12)

**G.R.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner J.F.[1] appeals the September 9, 2021, order of the Circuit Court of Kanawha County denying his appeal from an August 20, 2021, order of the Magistrate Court of Kanawha County. In the August 20, 2021, order, the magistrate court issued a personal safety order ("PSO") to Respondent G.R., a state government employee, prohibiting petitioner from contacting, attempting to contact, or harassing respondent either directly or indirectly through other state employees. Upon our review of this case, we dismiss petitioner's appeal as moot given that he seeks the vacatur of the PSO that expired, by its own terms, on August 20, 2022.

Respondent heads an office within state government. Due to the nature of petitioner's business, he frequently interacts with respondent and his office. In August of 2021, respondent filed a petition for a PSO in the magistrate court, alleging that petitioner was harassing respondent and his office staff. Respondent further alleged that, due to petitioner's escalating behavior, he feared for his and his family's safety.

The magistrate court granted respondent a temporary PSO and held a final hearing on August 20, 2021. Thereafter, the magistrate court, by order entered on August 20, 2021, issued a one-year PSO prohibiting petitioner from contacting, attempting to contact, or harassing respondent either directly or indirectly through other state employees. The magistrate court forbade

---

[1]Because this appeal involves the issuance of a personal safety order, the parties' names are confidential pursuant to West Virginia Code §§ 53-8-2(a) and (b)(1). Petitioner appears by counsel Jeremy B. Cooper. Respondent G.R. appears by counsel Lisa A. Hopkins, Steve Connolly, and Michael Nusbaum.

petitioner from having verbal contact with various offices associated with respondent's official position, limiting petitioner's communication with those offices to e-mail and the United States Postal Service.

Petitioner appealed the PSO to the circuit court, which scheduled a hearing for September 8, 2021. Petitioner failed to appear for that hearing. Accordingly, the circuit court, by order entered on September 9, 2021, denied petitioner's appeal of the PSO for a failure to prosecute his appeal, finding that he received sufficient notice of the September 8, 2021, hearing.[2]

Petitioner appeals the circuit court's September 9, 2021, order and seeks the vacatur of the now-expired PSO. Because the PSO expired, by its own terms, on August 20, 2022, we determine that the parties' case is moot. "'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W. Va. 79, 640 S.E.2d 142 (2006).

Even though a case is moot, issues raised upon appeal may still be adjudicated in some instances. In Syl. Pt. 1, *Israel by Israel v. Secondary Schools Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989), we held that

> [t]hree factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Considering the third factor first, PSOs, like most other protection orders, are typically of short duration. Such cases are capable of being repeatedly presented to the lower courts yet escape review at the appellate level because of their fleeting and determinate nature. However, we find that this case fails to meet the first two factors set forth in *Israel* for petitioner's appeal to go forward despite the case being moot. Regarding the first factor, petitioner does not state that he faces collateral consequences as a result of the PSO.[3] Regarding the second factor, petitioner argues that he raises the following two issues of public interest: (1) that the magistrate court acted outside of its jurisdiction under West Virginia Code §§ 53-8-1 to -17 by effectively granting a PSO

---

[2]While petitioner challenges the circuit court's determination that he received sufficient notice of the September 8, 2021, appeal hearing, we address none of petitioner's assignments of error due to our finding that this case is moot.

[3]While the PSO in effect, petitioner was charged with violating the PSO. However, those charges were dismissed.

to state officials who did not file a petition for a PSO,[4] and (2) that, in forbidding verbal communication with government offices, the magistrate court interfered with his rights under the First Amendment to the United States Constitution. Respondent asserts that West Virginia Code § 53-8-7(d)(1)(B) permitted the magistrate court to prohibit petitioner from attempting to contact or harass respondent through third parties such as state employees with whom respondent works. Respondent further states he presented evidence sufficient to show that petitioner was engaging in harassment rather exercising his First Amendment rights. Accordingly, given that respondent disputes petitioner's characterization of the issues, and based upon our decision in *Israel*, we find that the resolution of petitioner's arguments is unnecessary for the guidance of the bar and the public. Therefore, we dismiss as moot petitioner's appeal from the circuit court's September 9, 2021, order denying his appeal of the now-expired PSO.

Dismissed as Moot.

**ISSUED**: December 13, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING**:

Justice Elizabeth D. Walker

Walker, J., dissenting:

While I agree that this case is technically moot because the PSO at issue expired by its own terms, I part ways with the majority as to its application of the *Israel*[1] factors. By determining that a technically moot case needs to satisfy all three *Israel* factors for the Court to consider it on appeal, the majority appears to contradict our precedent and limit the right to appeal protected by *Israel*.[2]

---

[4]West Virginia Code §§ 53-8-1 to -17 govern the issuance of PSOs.

[1]*Israel by Israel v. W. Virginia Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989).

[2]W.Va. Code § 58-5-1(a) ("A party to a civil action may appeal to the Supreme Court of Appeals from a final judgment of any circuit court or from an order of any circuit court constituting a final judgment . . . ."); Syl. Pt. 5 *In re T.O.*, 238 W. Va. 455, 796 S.E.2d 564, 565 (2017) ("West (continued . . .)

3

In *Israel* the Court aimed to "temper[] the inflexibility of mootness jurisprudence" by adopting three factors to be weighed when deciding whether to consider technically moot cases.[3] The Court later clarified this jurisprudence and determined that only compelling satisfaction of *one* or more *Israel* factors would justify the Court's consideration of an otherwise moot case.[4] The Court has considered several technically moot cases where just one or two *Israel* factors existed.[5] In instances where the Court deemed satisfied *Israel* factors unpersuasive, it reviewed the potential factors and analyzed their insufficiency.[6] The Court has never decided that a case must satisfy all three *Israel* factors, as the majority suggests here.

I dissent because the majority's analysis circumvents our precedent that only one compelling *Israel* factor needs to exist. And, the majority deems the present case nonjusticiable only because the first two *Israel* factors do not exist. Confusingly, the majority concedes that the third factor exists—as PSOs are short-term in nature by statute so they are capable of repetition but evade review.[7] But it still disposes of the case as moot because the other two factors apparently do not exist, without meaningful analysis. I am concerned that this muddled application of the *Israel* factors presents conflicting and confusing law to future litigants and fails to correctly apply the *Israel* factors.

---

Virginia is an appeal by right jurisdiction, which means that all properly perfected appeals are reviewed by the Court and result in a written decision on the merits in each appeal.")

[3]Syl. Pt. 1 *Israel*, 182 W. Va. at 457, 388 S.E.2d at 483.

[4]*Gallery v. W. Virginia Secondary Sch. Activities Comm'n*, 205 W. Va. 364, 368, 518 S.E.2d 368, 372 (1999) (where two *Israel* factors existed, but the Court found them uncompelling and dismissed the case as moot).

[5]*T.W.J. v. L.S.A.*, No. 15-0817, 2016 WL 5846616, at *2 (W. Va. Oct. 6, 2016) (sufficient collateral consequences alone justify consideration of the appeal in this Court); *State ex rel. Crist v. Cline*, 219 W. Va. 202, 632 S.E.2d 358 (2006) (issues of great public interest and subject to repetition but evading review justify consideration by the Court); *State ex rel. W. Virginia Secondary Sch. Activities Comm'n v. Cuomo*, No. 22-0261, 2022 WL 16570555, at *5 (W. Va. Nov. 1, 2022) (satisfaction of the second and third *Israel* factors suffice to grant the Court jurisdiction over a technically moot case).

[6]*In re T.O.*, 238 W. Va. 455, 796 S.E.2d 564, 565 (considering the collateral consequences of restricting a person from gun ownership after she has been involuntarily committed and placed on the state mental health registry, but ultimately finding petitioner's argument unpersuasive because recourse existed under the West Virginia Code by which she could remove her name from the state mental health registry, thereby restoring her right to possess a firearm).

[7]W.Va. Code § 53-8-7.