IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARY ANN GROVES,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-93**   (Fam. Ct. Grant Cnty. Case No. FC-12-2021-D-16)

**RICKY ALLEN OURS,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary Ann Groves ("Wife") appeals the Family Court of Grant County's February 28, 2025, final divorce order. Respondent Ricky Allen Ours ("Husband") responded in support of the family court's decision.[1] Wife filed a reply. The primary issues on appeal are equitable distribution, spousal support, attorney's fees, and expert witness fees.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on July 4, 2015, and separated in March of 2021. No children were born of the marriage. Both parties were business owners at the time of divorce. Husband worked as an agent for Falcon Transportation ("Falcon") where he secured delivery trucks used for transporting goods but was not an owner. Husband also owned Mountain State Dispatch, LLC, a truck delivery company in West Virginia. Wife had a premarital trucking business, Maggie Greene, LLC, that Husband sometimes utilized in his contracts with Falcon.

The final divorce hearing was held from July 8, 2025, through July 12, 2025. The first contested issue was the valuation of Falcon and Mountain State Dispatch, for which both parties called expert witnesses. Wife's expert witness valued the marital portion of Falcon as $909,875. Husband's expert witness valued it at zero dollars and testified that there were multiple flaws in the valuation provided by Wife's expert. Husband's expert

---

[1] Wife is self-represented. Husband is represented by Mark W. Kelley, Esq., Ray, Winton & Kelley, PLLC.

1

concluded that Husband had no ownership in Falcon and that Falcon merely supplied him with employment. As to Mountain State Dispatch, LLC, Wife's expert witness valued it at $909,875, and Husband's expert valued it at $51,103, stating that it only consisted of assets available on the date of separation (which included a bank account, equipment, office furniture, etc.). The family court adopted Husband's expert's valuation of both Falcon and Mountain State, LLC, finding multiple flaws in Wife's expert's valuation(s).

The parties also contested the value of the marital home and whether it was a marital asset. On this issue, the parties presented evidence that during the marriage, Wife's parents gifted her approximately eight acres of land by deed dated June 13, 2018. It was established that during the marriage, the parties built a home on the land; however, the land remained in Wife's name and the construction loan and mortgage were also in Wife's name. However, payments on the construction loan and subsequent mortgage were made from both parties' income. At the final divorce hearing, Husband offered an appraisal which valued the marital home at $960,000 and the land at $60,000. Wife offered no separate appraisal to rebut Husband's evidence on the issue. Based on those facts, the family court held that the home was a marital asset worth $900,000 and ordered it to be placed on the market for sale within thirty days of the entry of the final order, unless Wife was able to refinance the mortgage in her name and buy out Husband's interest.

There was also conflict about how the parties would file their taxes for 2019 and 2020. Although they agreed to file "married filing separately," the court noted that the parties were subject to an approximate $536,065 tax liability, which was placed in Husband's column on the court's equitable distribution chart. The court held that if either party were assessed additional taxes or penalties, they would each pay one half of such, because "both parties had the benefit of the income from which these tax liabilities arose during the marriage."

After the parties separated, Husband had advanced Wife $50,000. The family court characterized this payment as an advance equitable distribution payment. Wife was awarded credit in the amount of $18,760.71 for various bills, and Husband was awarded $100,284.43. Based on the equitable distribution chart, Wife would owe Husband $282,082.93 to equalize the marital estate.

Over the course of litigation, based upon the parties' agreement, the family court ordered Husband to pay $9,000 per month in temporary spousal support, effective August 2023. Due to delays and continuances, Husband requested a reduction in spousal support, and the court reduced it to $7,000 per month, effective March of 2024. During the final divorce hearing, Wife requested retroactive spousal support from the date of filing through July of 2023 and $7,000 monthly spousal support for an additional two years. Husband

argued that he had paid a total of $98,000 in temporary spousal support and proposed to pay $5,000 for twelve months. The family court ordered Husband to pay Wife $5,000 for twelve months, effective August of 2024.

The other issue of contention was Wife's request that Husband pay her attorney's fees and expert witness fees. Initially, Wife provided no supporting documentation but later filed a break-down of her requested fees, which totaled $109,123.30. The court awarded Wife $25,000 to be paid in one lump sum within thirty days of the entry of the final order.

The final order was entered on February 28, 2025, and Wife now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife raises seven assignments of error. First, she asserts that Mountain State Dispatch was a marital asset. This argument is moot, as the family court *did* find that it was a marital asset. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E.2d 873 (1908). Therefore, there is no basis in law to warrant relief on this issue.

In her second assignment of error, Wife contends that the family court erred when it adopted the conclusions of Husband's expert. We disagree. The record below reflects that both parties' expert witnesses presented testimony and reports. The family court heard all evidence before it and determined that the opinions of Husband's expert were "far more compelling." The family court further found that Wife's expert witness only relied on two years of data, that he lacked key information, such as how Husband was compensated and whether each business had independent bank accounts, and that Wife's expert relied on financial data from Husband's expert. The Supreme Court of Appeals of West Virginia ("SCAWV") has long held, "[i]t is clear that when reviewing the evidence offered by experts to show the value of marital assets, a family [court] is accorded a 'measure of discretion' when making such valuations; and this discretion applies when expert testimony conflicts." *Signorelli v. Signorelli*, 189 W. Va. 710, 713, 434 S.E.2d 382, 385 (1993). Here,

we find no abuse of discretion in the family court's decision to adopt the conclusions presented by Husband's expert witness and affirm on this issue.

Third, Wife argues that the family court erred in "stating that the tax returns won't deviate that much," which allowed Husband to file erroneous tax returns. Wife's argument is unclear, and this Court is unable to determine the relief sought by Wife. As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's*, *Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal). Therefore, as we are unable to determine the relief sought by Wife as to this assignment of error, as the argument is not clearly set forth, we decline to rule on the same.

Next, in Wife's fourth assignment of error, she contends that the family court erroneously failed to award her back spousal support and should have granted her more than one year of prospective support. We disagree. The SCAWV has recognized "that as long as the family court fully considers the mandatory statutory factors,[2] and its award of

---

[2] West Virginia Code § 48-6-301(b) (2018) lists the following factors for consideration when determining whether a party is entitled to spousal support:

(1) The length of time the parties were married;
(2) The period of time during the marriage when the parties actually lived together as husband and wife;
(3) The present employment income and other recurring earnings of each party from any source;
(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market, and custodial responsibilities for children;
(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of § 48-7-6 *et seq.* of this code, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support and separate maintenance: *Provided,* That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;
(6) The ages and the physical, mental, and emotional condition of each party;
(7) The educational qualifications of each party;

4

spousal support is within the parameters of reasonableness, this Court should not disturb the award on appeal." *Mulugeta v. Misailidis*, 239 W. Va. 404, 410, 801 S.E.2d 282, 288 (2017). Upon review of the record below, we find that the family court allowed the parties to present their respective arguments, fairly analyzed all the evidence before it, and reached a reasonable conclusion in its application of the spousal support factors, as expressed in its final order. Wife failed to demonstrate that the findings of the family court were clearly erroneous or that the family court abused its discretion in its spousal support determination. Therefore, we affirm the family court's rulings on the issue of spousal support.

Fifth, Wife argues that the family court's $25,000 award of attorney and expert witness fees was insufficient, as the litigation process lasted over three years and her request of $109,123.24 was not excessive. We disagree. *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996) mandates that a "wide array of factors" must be considered when granting a request for attorney's fees.[3] Further, an award of attorney fees falls within the

---

(8) Whether either party has foregone or postponed economic, education, or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support and separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career, or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in § 48-6-301(b)(10) of this code;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because that party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Any other factors as the court determines necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support and separate maintenance.

[3] The *Banker* factors include:

sound discretion of the family court and should not be disturbed on appeal absent an abuse of discretion. *P.A. v. T.A.*, 238 W. Va. 216, 793 S.E.2d 866 (2016); *see also Arneault v. Arneault*, 216 W. Va. 215, 605 S.E.2d 590 (2004). Here, the family court determined that "[b]ased on the positions advanced by the parties and the [c]ourt's rulings, the results obtained by [Husband] weigh heavily against an award of fees and expert costs to [Wife]." With the deferential standard accorded to the family court in mind, we find no error or abuse of discretion in the court's award of $25,000 in attorney's and expert witness fees to Wife.

In her sixth assignment of error, Wife asserts that the family court erred when it used the marital home's value at the date of sale rather than its value at the date of separation. Although Wife's assignment of error is unclear, her brief appears to argue that she should have been given *Conrad* credits for the mortgage payments she made while living in the home.[4] We disagree. The SCAWV has consistently held that a party is not entitled to *Conrad* credit if they lived in the marital home while paying on it. *See Vladimirov v. Vladimirov*, No. 18-0689, 2020 WL 201174 (W. Va. Jan. 13, 2020) (memorandum decision). Therefore, we find no error in the family court's decision to deny Wife *Conrad* credits for the time she lived in the marital home.

In her seventh and final assignment of error, Wife contends that there were multiple issues of concern and numerous findings of fact made by the family court that were false or misleading. In support of her argument, Wife states that the family court made a comment about mimosas and lost some of her photographs, as well as that opposing counsel made various statements that were never proved in court. However, Wife failed to cite any statutory authority or precedent to support her arguments as required by Rule 10 of our Rules of Appellate Procedure. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," which Wife has failed to demonstrate on appeal. Additionally, Wife has failed to show how her rights were adversely affected by the alleged false or misleading findings of fact. Therefore, we conclude that if errors were committed by the family court, they would amount to harmless

---

[T]he party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

[4] *See Conrad v. Conrad*, 216 W. Va. 696, 612 S.E.2d 772 (2005) (holding that the recoupment of payment of marital debt by one party prior to the ultimate division of marital property is permitted upon final equitable distribution order).

error. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

Accordingly, we affirm the family court's February 28, 2025, final order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White