FILED

June 24, 2026

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronald E.,**[1]
**Plaintiff Below, Petitioner**

**v.) No. 24-54** (Jefferson County CC-19-2024-C-20)

**The Honorable David A. Camilletti,**
**Judge of the Family Court of Jefferson County, and**
**Kelli E.,**
**Respondents,**

## MEMORANDUM DECISION

Petitioner Ronald E.[1] appeals the Circuit Court of Jefferson County's January 30, 2024, order denying his petitions for a writ of mandamus and a writ of prohibition. On appeal, the petitioner argues that the circuit court erred in denying his petitions and should have first issued a show cause order. However, we conclude that the relief sought in the petitions is now moot and dismissal of the case by a memorandum decision is appropriate pursuant to Rule 21 and 27(b) of the West Virginia Rules of Appellate Procedure.

Due to the narrow issue presented, it is unnecessary to recite the full procedural history of the case. Instead, it is sufficient to note that on January 29, 2024, the petitioner filed a petition with the circuit court requesting, in pertinent part: (1) a writ of prohibition to prohibit enforcement of the family court's order temporarily suspending the petitioner's custodial rights to his children pending the final custody hearing; (2) a writ of mandamus to require the family court judge, the Honorable David A. Camilletti, to report the alleged suspected abuse of his two children to the circuit court; and (3) a stay of the underlying family court proceedings. In an order entered on January 30, 2024, the circuit court denied the petitioner's requested relief. The petitioner appealed the circuit court's decision to this Court, resulting in the instant matter.

During the pendency of this appeal, the family court entered a final custodial allocation order on March 14, 2024. Importantly, within this order, the family court found that there was insufficient evidence of child abuse to prompt a referral to the circuit court and, among other things, granted the mother sole parenting and decision-making authority with the petitioner having two hours of supervised visitation once a week. The petitioner appealed the family court's order to the Intermediate Court of Appeals ("ICA"), and the ICA affirmed the order in a memorandum

---

[1] The petitioner is represented by Anna L. Adkins. The respondent, Kelli E., is represented by Cameron T. LeFevre and Gregory A. Bailey. Furthermore, we use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. Proc. 40(e).

1

decision entered on January 30, 2025. *See Ronald E. v. Kelli E.*, No. 24-ICA-165, 2024 WL 5003304 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision). We similarly have affirmed the family court's decision. *See Ronald E. v. Kelli S.*, No. 25-159, -- WL -- (W. Va. June 24, 2026) (memorandum decision).

Our longstanding rule is that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908); *accord* Syl. Pt. 1, *Tynes v. Shore*, 117 W. Va. 355, 185 S.E. 845 (1936) ("Courts will not ordinarily decide a moot question."). As we have explained, "mootness may occur when the circumstances of the case change during the course of its pendency . . . [or] when the parties thereto experience a change in status." *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 155-56, 697 S.E.2d 740, 747-48 (2010) (citations omitted). Here, the court's temporary suspension of the petitioner's custodial rights ceased when the family court issued its final custodial allocation order. Additionally, we affirmed that the family court did not err in declining to report the alleged child abuse. Accordingly, we dismiss this matter as moot.[2]

Dismissed as moot.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice H. L. Kirkpatrick
Justice James W. Flanigan

**DISQUALIFIED:**

Justice Charles S. Trump IV

---

[2] On appeal, the petitioner challenges only the temporary suspension of his custodial rights and the family court's duty to report suspected child abuse, although the petitions referenced other relief sought under either a writ of prohibition or a writ of mandamus.