# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**R.L.,**
**Respondent Below, Petitioner**

vs)   **No. 16-0152** (Kanawha County 16-DV-72)

**P.H.,**
**Petitioner Below, Respondent**

**FILED**

**January 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner P.H.,[1] pro se, appeals the order of the Circuit Court of Kanawha County, entered February 9, 2016, denying his appeal of a domestic violence protective order ("DVPO") entered by the Family Court of Kanawha County that subsequently expired on July 16, 2016. Respondent P.H., by counsel Bruce Perrone, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal has been rendered moot. For these reasons, a memorandum decision dismissing the appeal is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are a nephew and his aunt, who were both living in the house of petitioner's grandmother and respondent's mother in Marmet, West Virginia.[2] On January 12, 2016, respondent filed a domestic violence petition alleging that she was afraid of petitioner following an altercation where "[petitioner] tried to keep me from leaving the house." The Magistrate Court of Kanawha County granted respondent an emergency protective order, which included awarding respondent temporary possession of the Marmet residence. The magistrate court also set the final

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's grandmother was living in a nursing home in the Commonwealth of Kentucky.

hearing before the Family Court of Kanawha County for January 20, 2016.

At the January 20, 2016, final hearing, respondent testified that she was afraid of petitioner and introduced a durable power of attorney executed by petitioner's grandmother. The family court found that the power of attorney gave respondent legal possession of the Marmet residence. The family court granted respondent a DVPO for ninety days, or until April 19, 2016, and gave petitioner thirty days to retrieve his belongings from the house (to be accompanied by law enforcement). The family court ordered petitioner to otherwise refrain from being within 200 feet of the Marmet residence and to refrain from contacting, harassing, or verbally abusing respondent. Petitioner filed an appeal of the DVPO on February 8, 2016 in the Circuit Court of Kanawha County, which denied his appeal by an order entered February 9, 2016.[3]

Petitioner filed an appeal of the circuit court's February 9, 2016, order on February 17, 2016, and this Court entered a scheduling order on March 9, 2016, pursuant to which the parties have filed their briefs. Subsequent to the entry of the March 9, 2016, scheduling order, the DVPO expired by its own terms on July 19, 2016, following one ninety-day extension that was granted by the family court on March 31, 2016.

On appeal, petitioner raises various issues challenging respondent's handling of his grandmother's finances and property. Respondent counters that those issues cannot be adjudicated in the instant case in which the only cognizable issue is whether she was entitled to the DVPO. Respondent further argues that the DVPO's expiration on July 19, 2016, has rendered petitioner's appeal moot.

We agree with respondent and find that petitioner's appeal has been rendered moot. "'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 640 S.E.2d 142 (2006).

Even though a case is moot, issues raised upon appeal may still be adjudicated in some instances:

> Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be

---

[3]In denying petitioner's appeal of the DVPO, the circuit court found that the appeal was untimely filed. *See* W.Va. Code § 48-27-510(b) (providing that an aggrieved person "may file a petition for appeal with the circuit court within ten days of the entry of the [DVPO] by the family court").

> repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Syl. Pt. 1, *Israel by Israel v. Secondary Schools Activities Commission,* 182 W.Va. 454, 388 S.E.2d 480 (1989). Considering the third factor first, the DVPO in the instant case, like most other DVPO's, was of short duration. Such cases are capable of being repeatedly presented to the lower courts, yet escape review at the appellate level because of their fleeting and determinate nature.

However, we find that this case fails to meet the first two factors set forth in *Israel* for petitioner's appeal to go forward despite the case being moot. First, petitioner does not allege that he is being adversely affected by any collateral consequence of the DVPO's entry; instead, as respondent correctly points out, petitioner raises issues in his appeal that are not cognizable in a domestic violence proceeding. Second, although this case is understandably important to petitioner, and to respondent as well, it presents no question of great public interest that must be decided for the guidance of the bar and the public. Therefore, we dismiss as moot petitioner's appeal from the circuit court's February 9, 2016, order denying his appeal of the now expired DVPO.

Dismissed as Moot.

**ISSUED:**   January 20, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker