## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **Grandparent Visitation of:**

**Siddy W.,**
**Petitioner Below, Petitioner**

**vs.) No. 17-0858** (Wayne County 17-D-071)

**Gary T. and Darlene T.,**
**Respondents Below, Respondents**

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner and paternal grandmother Siddy W. appeals the Circuit Court of Wayne County's September 5, 2017, order denying her appeal from the Family Court of Wayne County's order transferring her petition for grandparent visitation to the Family Court of Cabell County.[1] Pro se respondents and maternal grandparents Gary T. and Darlene T. filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the family and circuit courts erred in applying the statutes governing grandparent visitation by transferring the matter to the Family Court of Cabell County for consolidation with an ongoing guardianship proceeding. She further alleges error in the family and circuit courts' application of several of the West Virginia Rules of Practice and Procedure for Family Court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

As early as April of 2015, the Family Court of Cabell County exercised jurisdiction over the subject children at issue in this appeal by virtue of a domestic violence petition filed by the children's mother against their father. *In re Guardianship of K.W.*, -- W.Va. --, 813 S.E.2d 154,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

156 (2018). Attendant to that petition, the Family Court of Cabell County entered a domestic violence protective order in November of 2015, in which it set forth certain visitation terms regarding the children and their father. *Id*. at --, 813 S.E.2d at 157. Upon appointment, the guardian ad litem for the children in the Cabell County matter, Arik Paraschos, met with the mother, who "provided a lengthy account, in writing, of the extensive and ongoing physical and emotional abuse in their home." *Id*. Eventually, additional proceedings in family court commenced, including divorce proceedings between the parents and a petition for guardianship by the maternal grandparents, respondents herein. *Id*. at --, 813 S.E.2d at 158. Throughout those proceedings, Mr. Paraschos remained the children's guardian. *Id*. As these proceedings relate to the case before the Court, it is important to note that they continued, either in the Family Court of Cabell County or on appeal, at the time petitioner herein filed her petition for grandparent visitation with the subject children.[2]

In March of 2017, petitioner filed a petition for grandparent visitation with the children in the Family Court of Wayne County. Thereafter, respondents filed a motion to dismiss the petition and a motion to change venue of the matter in order to consolidate it with the ongoing guardianship proceeding in the Family Court of Cabell County. In the following months, the various parties filed motions related to dismissal and transfer of the grandparent visitation matter at issue.[3]

In April of 2017, the family court held a hearing on the petition for grandparent visitation. Ultimately, the family court found that the matter would more properly be heard in the Family Court of Cabell County, due to the fact that the family court there had an extended history with the children and respondents by virtue of the guardianship proceeding and related matters that occurred there. Specifically, the family court found that proceeding in Cabell County was in the children's best interests, given the Family Court of Cabell County's familiarity with the issues. As such, the family court transferred the matter to the Family Court of Cabell County and referred the matter with the civil action number pending in that court at the time. The family court eventually instructed the guardian to prepare the final order, to which petitioner later filed objections before it was entered on June 8, 2017.[4]

In June of 2017, petitioner filed an appeal of the family court's order to the circuit court. Ultimately, the circuit court denied the appeal, in part, upon finding that transfer to the Family

---

[2]For a more full recitation of the facts as they relate to the various proceedings in the Family Court of Cabell County concerning the subject children at issue in this appeal, see this Court's opinion in *Guardianship of K.W.*, -- W.Va. --, 813 S.E.2d 154.

[3]The record shows that petitioner filed a motion for appointment of a guardian ad litem for the children. It does not appear that this motion was ever ruled on. However, the record further shows that Mr. Paraschos appeared in these proceedings to represent the children therein.

[4]Following the entry of the family court's final order, petitioner filed a motion to stay the order. The record does not reflect a ruling on this motion.

Court of Cabell County was in the children's best interests. It is from this order that petitioner appeals.

We have previously held as follows:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Zickefoose v. Zickefoose*, 228 W.Va. 708, 724 S.E.2d 312 (2012). Further, we have established the following:

> A moot case generally cannot properly be considered on its merits. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908). *Accord* Syl. pt. 1, *Tynes v. Shore*, 117 W.Va. 355, 185 S.E. 845 (1936) ("Courts will not ordinarily decide a moot question.").

*State ex rel. Bluestone Coal Corp v. Mazzone*, 226 W.Va. 148, 156, 697 S.E.2d 740, 748 (2010). Upon our review, we find that all of petitioner's assignments of error regarding the rulings of the family court and circuit court in her petition for appeal are moot, in light of the fact that the Circuit Court of Cabell County now has jurisdiction over the subject children.

On appeal, petitioner essentially seeks a reversal of the circuit court's order denying her appeal from the family court and a remand of the matter to the Family Court of Wayne County for a ruling on the merits of her petition for visitation. However, such relief would be inappropriate, given our recent opinion regarding the children. In *Guardianship of K.W.*, -- W.Va. --, 813 S.E.2d 154, this Court found that prior to May of 2016, the Family Court of Cabell County removed respondents' guardianship matter to the Circuit Court of Cabell County upon allegations of abuse and neglect in accordance with Rule 13 of the Rules of Practice and Procedure for Minor Guardianship Proceedings[5] and Rule 48a of the Rules of Practice and

---

[5]Rule 13 states, in relevant part, as follows:

(a) *Removal by Family Court to Circuit Court of Minor Guardianship Cases Involving Child Abuse and Neglect.* — If a family court learns that the basis, in whole or part, of a petition for minor guardianship brought pursuant to W. Va. Code § 44-10-3, is an allegation of child abuse and neglect as defined in W. Va. Code § 49-1-201, then the family court before whom the guardianship proceeding is pending shall remove the case to the circuit court for hearing.

(continued . . . )

Procedure for Family Court.[6] *Guardianship of K.W.*, -- W.Va. --, 813 S.E.2d at 158. Ultimately, the circuit court remanded the matter to the family court. *Id.* at --, 813 S.E.2d at 159. On appeal, this Court determined that remand to the family court was improper. *Id.* at --, 813 S.E.2d at 163.

---

Should the family court learn of such allegations of child abuse and neglect during the hearing, then the family court shall continue the hearing, subject to an appropriate temporary guardianship order, and remove the case to the circuit court for hearing to be conducted within 10 days, for determination of all issues. Once removed, the case (or any portion) shall not be remanded to family court. At the circuit court hearing, allegations of child abuse and neglect must be proven by clear and convincing evidence. Immediately upon removal, the circuit clerk shall forthwith send the removal notice to the circuit court. Upon receipt of the removal notice, the circuit court shall forthwith cause notice to be served in accordance with W. Va. Code § 44-10-3 and to the Department of Health and Human Resources who shall be served with notice of the petition, including a copy of the petition, and of the final hearing to be conducted before the circuit court. Such notice to the Department of Health and Human Resources shall constitute a report by the family and circuit courts pursuant to W. Va. Code § 49-2-803.

[6]Rule 48a states, in relevant part, as follows:

(a) *Removal by family court to circuit court of infant guardianship cases involving child abuse and neglect.* — If a family court learns that the basis, in whole or part, of a petition for infant guardianship brought pursuant to W.Va. Code §§ 44-10-3, is an allegation of child abuse and neglect as defined in W.Va. Code §§ 49-1-3, then the family court before whom the guardianship proceeding is pending shall remove the case to the circuit court for hearing. Should the family court learn of such allegations of child abuse and neglect during the hearing, then the family court shall continue the hearing, subject to an appropriate temporary guardianship order, and remove the case to the circuit court for hearing to be conducted within 10 days, for determination of all issues. Once removed, the case (or any portion) shall not be remanded to family court. At the circuit court hearing, allegations of child abuse and neglect must be proven by clear and convincing evidence. Immediately upon removal, the circuit clerk shall forthwith send the removal notice to the circuit court. Upon receipt of the removal notice, the circuit court shall forthwith cause notice to be served in accordance with W. Va. Code §§ 44-10-3 and to the Department of Health and Human Resources who shall be served with notice of the petition, including a copy of the petition, and of the final hearing to be conducted before the circuit court. Such notice to the Department of Health and Human Resources shall constitute a report by the family and circuit courts pursuant to W. Va. Code §§ 49-6A-2.

In remanding the matter back to the Circuit Court of Cabell County, we specifically directed that "the circuit court is instructed to provide DHHR leave to file an abuse and neglect petition against the parents, if still judged appropriate, and to proceed according to Chapter 49 of the West Virginia Code so as to allow for [Child Protective Services] involvement and development of a permanency plan for these children." *Id.* at --, 813 S.E.2d at 164.

As petitioner correctly notes, "[t]he Grandparent Visitation Act, W.Va.Code § 48-10-101 *et seq.* [2001], is the exclusive means through which a grandparent may seek visitation with a grandchild." Syl. Pt. 1, *In re Hunter H.*, 231 W.Va. 118, 744 S.E.2d 228 (2013). Under that Act, "[a] grandparent of a child residing in this state may, by motion or petition, make application to the circuit court or family court of the county in which that child resides for an order granting visitation with his or her grandchild." W.Va. Code § 48-10-301. However, we find under the limited circumstances of this case that Rule 6 of the Rules of Procedure for Child Abuse and Neglect Proceedings ("Rule 6") controls in this instance, given the Family Court of Cabell County's transfer of the matter to the circuit court upon allegations of abuse and neglect and our recent remand to that court for the purpose of granting leave to file an abuse and neglect petition, if warranted.

Rule 6 states, in relevant part, as follows:

Each child abuse and neglect proceeding shall be maintained on the circuit court's docket until permanent placement of the child has been achieved. The court retains exclusive jurisdiction over placement of the child while the case is pending, as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation. . . .[7]

Because this Court previously found that the Circuit Court of Cabell County had jurisdiction to proceed on the matters related to the children herein, and because our remand to the circuit court contemplated further proceedings under Chapter 49 of the West Virginia Code, if warranted, we find that Rule 6 grants the Circuit Court of Cabell County continuing jurisdiction over the children. Accordingly, the question of whether the courts of Wayne County erred in transferring the petition seeking visitation with the children is moot. We further note that consolidating any matters involving issues of visitation with, or custody of, the subject children not only serves the interests of judicial economy, but also furthers the children's best interests by having all such decisions made by the court that is most familiar with all the attendant circumstances. *See Kristopher O. v. Mazzone*, 227 W.Va. 184, 192, 706 S.E.2d 381, 389 (2011) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children.").

For the foregoing reasons, we affirm.

---

[7]Rule 6 goes on to list two scenarios in which the circuit court would not retain jurisdiction over children that were the subject of abuse and neglect proceedings, neither of which are applicable herein.

5

Affirmed.

**ISSUED:** June 15, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating.