# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAMES B.,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-ICA-256** (Cir. Ct. Kanawha Cnty. No. 17-D-616)

**KRISTIN R.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner James B.[1] appeals the Circuit Court of Kanawha County's October 17, 2022, order refusing his appeal from a family court order denying his petition for modification of the parties' parenting plan. James B. asserts that the circuit court erroneously concluded that the family court did not abuse its discretion. Respondent Kristin R. timely filed a response in support of the circuit court's order.[2] James B. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

James B. and Kristin R. were never married but share one child, S.B., now age eight years old, with the parties residing in or near Charleston, West Virginia. The parties have operated under the same parenting plan since July 2017, wherein Kristin R. was the primary residential parent and James B. received approximately 45% of the overnight visits each year.

In August of 2021, Kristin R. married Alan B., who resides in Union, Kentucky, which is approximately three and one-half hours from Charleston, West Virginia. Kristin

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] James B. is self-represented; Kristin R. is represented by Tim C. Carrico, Esq.

1

R. and Alan B. share one child, who is four years old. On June 22, 2021, Kristin R. filed a notice of relocation in the family court, seeking to relocate with S.B. to Union, Kentucky. James B. filed an objection to the notice of relocation on July 19, 2021.

On January 12, 2022, James B. filed a petition to modify the parties' parenting plan. In support of his petition, he averred the following: (1) Alan B. does not see his other children or pay child support for them; (2) Kristin R. failed to appropriately care for S.B.'s skin condition; (3) Kristin R. failed to notify James B. of S.B.'s medical appointments; (4) Kristin R. failed to allow James B. to attend S.B.'s medical appointments; (5) that the stepparent language in the parenting plan is harmful to S.B. due to Alan B.'s alleged criminal record; (6) Alan B. interferes with James B.'s communication with S.B.; and (7) that Kristin R. is no longer able to provide a stable home for S.B.

On January 13, 2022, the parties appeared in family court for a hearing on Kristin R.'s notice of relocation. At that hearing, Kristin R. withdrew her notice of relocation, and the court scheduled James B.'s petition for modification for hearing on March 15, 2022. Thereafter, Kristin R. filed an answer to James B.'s petition for modification and a counter-petition, once again, seeking to relocate to Union, Kentucky. James B. filed an answer to the counter-petition, and the parties appeared for hearing, as scheduled, on March 15, 2022. The court heard evidence on the counter-petition for relocation first, which was denied as not being in S.B.'s best interest. As to James B.'s petition for modification, the court held that there was no substantial change in circumstances and denied the petition. James B. appealed the denial to circuit court, which refused his appeal by order entered on October 17, 2022. It is from the circuit court's order that James B. now appeals. For these matters, we are directed by the following standard of review:

> "In reviewing . . . a final order of a [circuit] court judge, we review the findings of fact made by the [circuit] court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review).

On appeal, James B. raises four assignments of error, which we will address in turn. First, he argues that he was not afforded enough time to submit evidence in response to Kristin R.'s petition for relocation. However, as Kristin R.'s petition for relocation was denied by the family court, James B.'s argument to this issue was rendered moot and, accordingly, it is not necessary for this Court to address the same. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of

controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E.2d 873 (1908).

James B. next argues that he presented evidence in family court showing that S.B.'s stepfather, Alan B., has abandoned his own children, and that such abandonment is a factor that must be considered pursuant to West Virginia Code § 48-9-209(1)(2022).[3] We disagree. West Virginia Code § 48-1-232 (2001) defines a parent as "an individual defined as a parent, by law, on the basis of biological relationship, presumed biological relationship, legal adoption or other recognized legal grounds." Here, Alan B. is the stepparent of S.B. and, accordingly, does not meet the statutory definition of parent, rendering West Virginia Code § 48-9-209(1) inapplicable. Therefore, we find that the circuit court committed no error in refusing James B.'s appeal on this ground.

In his third assignment of error, James B. contends that he submitted evidence showing that he had an 80% reduction in income and that the family court refused to review his monthly child support obligation. However, a review of the record shows that the circuit court reviewed the family court hearing and determined that James B.'s request to modify child support was only included in his prayer for relief at the end of his petition for modification. The petition to modify was filed in response to Kristin R.'s notice of relocation and was not based upon change in income. Further, at the family court hearing, James B. failed to present testimony as it related to a change of circumstances and a modification of child support. Thus, we find no error. In its order denying petitioner's appeal, the circuit court noted that:

"[t]he family court heard significant evidence relating to [James B.'s] request for modification in connection with the petition to relocate and, due to denying [Kristin R.'s] counter-petition for relocation, determined that a substantial change in circumstances had not occurred, The family court further stated, due to the denial of the petition to relocate, the pending motion to modify was premature."

In his final assignment of error, James B. alleges that the circuit court erred by stating that "the family court heard significant evidence relating to [James B.'s] request for modification." We disagree. Our review of the record shows that James B. was given the opportunity to present testimony, enter exhibits, and cross-examine Kristin R. Therefore, we find no error in the circuit court's refusal James B.'s appeal on this ground.

---

[3] West Virginia Code § 48-9-209(1) (2022) states, "[w]hen entering an order approving or implementing a temporary or permanent parenting plan order, including custodial allocation, the court shall consider whether a parent: (1) Has abused, neglected, or abandoned a child, as defined by state law."

Based on the foregoing, we conclude that James B. failed to meet his burden of proof in establishing clear error or abuse of discretion. As such, we find no basis in law to warrant relief.

Accordingly, we affirm the Circuit Court of Kanawha County's order dated October 17, 2022.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen