**FILED**

**November 13, 2025**

**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia ex rel. Stonewall Jackson**
**Memorial Hospital Company, Petitioner**

**v.)      No. 24-750 (Health Care Authority, CON No. 24-7-13069-X)**

**West Virginia Department of Health,**
**Health Care Authority, and**
**St. Joseph's Hospital of Buckhannon, Inc., Respondents**

# MEMORANDUM DECISION

Petitioner Stonewall Jackson Memorial Hospital Company[1] petitions this Court for a writ of prohibition and a writ of mandamus against respondent West Virginia Department of Health, Health Care Authority ("the Authority").[2] St. Joseph's Hospital of Buckhannon, Inc. ("St. Joseph's") opposes the petition.[3] However, we conclude that the relief sought in the petition is now moot and dismissal of the case by a memorandum decision is appropriate pursuant to Rules 21 and 27(b) of the West Virginia Rules of Appellate Procedure.

Petitioner asserts the Authority improperly halted consideration of petitioner's project, construction of a new ambulatory health care facility ("AHCF"), in response to a stay issued by this Court in a companion action ("companion action"). The companion action arose from petitioner's plan to construct a hospital on Staunton Drive in Weston, West Virginia. In 2023, petitioner submitted a request for a determination of reviewability ("RDOR")[4] to assess whether state law required a certificate of need ("CON") for the hospital construction project. St. Joseph's

---

[1] Petitioner appears by counsel Webster J. Arceneaux, III, Thomas G. Casto, and Hannah K.W. Petros of Lewis Gianola PLLC.

[2] The Authority appears by counsel Attorney General John B. McCuskey, Solicitor General Michael R. Williams, and Assistant Solicitor General Frankie A. Dame.

[3] St. Joseph's Hospital of Buckhannon, Inc. appears by counsel Alaina N. Crislip, Albert F. Sebok, Neil C. Brown, and Colton Koontz of Jackson Kelly PLLC.

[4] *See* W. Va. Code § 16-2D-7 (2021) (providing "[a] person may make a written request to the authority for it to determine whether a proposed health service is subject to the certificate of need or exemption process.").

intervened in that RDOR proceeding. The Authority determined that the project did not require a CON. St. Joseph's appealed that determination, but the ICA affirmed and concluded that the project was not subject to CON review. *See St. Joseph's Hosp. of Buckhannon, Inc. v. Stonewall Jackson Mem'l Hosp. Co.*, 250 W. Va. 378, 903 S.E.2d 247 (Ct. App. 2024). St. Joseph's appealed the companion action to this Court and filed a motion to stay the hospital construction proceedings; in a July 25, 2024, order, this Court granted St. Joseph's motion to stay the companion action.

After this Court issued the stay in the companion action, petitioner sought an RDOR for an ostensibly different project: to "relocate" an AHCF from an old facility to a new facility to be constructed on Staunton Avenue, the same property where petitioner sought to build a new hospital. St. Joseph's intervened and claimed this RDOR was a subterfuge intended to allow petitioner to begin construction of the hospital, in violation of this Court's stay.

On October 23, 2024, the Authority stayed all proceedings arising from the AHCF RDOR until such time as the appeal in the companion action before this Court concluded. Petitioner then filed this petition, alleging the Authority exceeded its power in ruling that it was bound by this Court's stay in the companion action.

This Court has issued its decision in the companion action and this Court's July 25, 2024, stay order is lifted. *See St. Joseph's Hosp. of Buckhannon, Inc. v. Stonewall Jackson Mem'l Hosp. Co.*, No. 24-347, ___ W. Va. ___, ___ S.E.2d ___ (W. Va. Nov. 13, 2025).

Our longstanding rule is that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908); *accord* Syl. Pt. 1, *Tynes v. Shore,* 117 W. Va. 355, 185 S.E. 845 (1936) ("Courts will not ordinarily decide a moot question."). Further, "the Supreme Court may dismiss an action that is moot on its own motion without prior notice to the parties." W. Va. R. App. P. 27(b).

An examination of the particular facts of this case reveals that the issues raised in the petition are now moot. The stay order upon which the Authority based its decision has now been lifted and we need not consider petitioner's arguments about the reach and effect of that stay or the Authority's interpretation thereof. Thus, we dismiss the petition.

Dismissed as moot.

**ISSUED:** November 13, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison