**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **J.E.**

**No. 24-703** (Wood County CC-54-2023-JA-312)

**MEMORANDUM DECISION**

Petitioner Father M.E.[1] appeals the Circuit Court of Wood County's November 1, 2024, order terminating his parental rights to J.E., arguing that the circuit court erred by allowing an amended petition to be filed and adjudicating him of abusing J.E.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In December 2023, the DHS filed a petition alleging that the petitioner sexually abused his ex-partners' children while J.E. resided in the home.[3] One ex-partner's two children, K.F. and P.V., underwent forensic interviews wherein they disclosed that the petitioner would grab their breasts and bottoms and put his hand down their shirts. Another ex-partner's child, B.S., disclosed that when she lived with her mother and the petitioner, she would sleep in bed with her mother and the petitioner, and the petitioner would put his hand down her pants. The DHS alleged that the petitioner abused J.E. because the child lived in the home when sexual abuse occurred.

In January 2024, the petitioner filed a motion to dismiss wherein he argued that the DHS's petition failed to identify a specific time and place when the abuse occurred. The petitioner also argued that he was asleep when a certain alleged sexual act occurred and, therefore, lacked the capacity to commit the act of intentional sexual abuse. At an adjudicatory hearing held in February 2024, the court addressed the petitioner's motion and, as a means of resolving the complaints the petitioner set forth, ordered the DHS to file an amended petition "to better reflect the time frames [of the] alleged" abuse by February 14, 2024. On February 16, 2024, the DHS filed an amended petition which added the timeframes when the sexual abuse occurred. Specifically, the DHS

---

[1] The petitioner appears by counsel Courtney L. Ahlborn. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Susan M.P. Karr appears as the children's guardian ad litem. The respondent mother appears by counsel Wells H. Dillon.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] Those children, K.F., P.V., and B.S., are not at issue in this appeal.

1

alleged that the petitioner abused B.S. between July 2017 and July 2019, abused K.F. between March 2020 and March 2021, and abused P.V. between August 2020 and August 2021.

The court held further adjudicatory hearings in March and April 2024 at which K.F., P.V., B.S., and J.E.'s forensic interviews were admitted into evidence.[4] The petitioner testified and confirmed that J.E. lived in the home with K.F., P.V., and B.S. at certain points in time but denied all allegations of sexual abuse. In the resulting adjudicatory order, the court found that the petitioner sexually abused K.F., P.V., and B.S. The court further found that those three children made separate sexual abuse allegations against the petitioner in their forensic interviews and that those interviews were "compelling and believable." As such, the court concluded that the petitioner was an abusive parent and J.E. was an abused and neglected child, as J.E. lived in the homes when the petitioner abused K.F., P.V., and B.S.

Given that the petitioner challenges only the filing of the amended petition and his adjudication, it is sufficient to note that the circuit court terminated his parental rights following a dispositional hearing in August 2024. It is from the dispositional order that the petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by allowing the amended petition to be filed. However, a "court may allow the petition to be amended at any time until the final adjudicatory hearing begins, provided that an adverse party is granted sufficient time to respond to the amendment." W. Va. R. P. for Child Abuse and Neglect Procs., 19. Thus, the court did not err in allowing the amended petition to be filed. In further support of this assignment of error, the petitioner raises several arguments in regard to the *original* petition but ignores the fact that the filing of the amended petition rendered those arguments moot. *See In re K.H.*, No. 15-0371, 2015 WL 5555473, at *3 (W. Va. Sept. 21, 2015) ("Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." (quoting Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908))). Similarly, in at least one instance, the petitioner failed to provide any authority supporting his position, and we therefore decline to address any unsupported error. *See* W. Va. R. App. Proc. 10(c)(7) ("The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on."). As such, the petitioner is entitled to no relief.

Next, the petitioner argues that the circuit court erred by adjudicating him of sexually abusing B.S. In order for a circuit court to adjudicate a respondent to an abuse and neglect petition, West Virginia Code § 49-4-601(i) requires the DHS "to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated

---

[4] K.F. participated in two forensic interviews—both of which were admitted into evidence.

[5] The permanency plan for the child is to remain in the nonabusing mother's care.

2

to meet this burden." Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (quoting Syl. Pt., 1, *In Interest of S.C.*, 168 W. Va. 366, 284 S.E.2d 867 (1981)). Further, "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W. Va. 559, 564, 474 S.E.2d 489, 494 (1996). In regard to establishing sexual abuse, West Virginia Code § 49-1-201 defines "sexual abuse," in relevant part, as "sexual contact . . . which a parent, guardian, or custodian engages in, attempts to engage in, or knowingly procures another person to engage in, with a child" and "sexual contact" means "sexual contact as that term is defined in § 61-8B-1 of this code." West Virginia Code § 61-8B-1(5) defines "sexual contact" as

> any intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs and the touching is done for the purpose of gratifying the sexual desire of either party.

Here, the petitioner contends that because "sexual contact" as defined in West Virginia Code § 61-8B-1(5) requires an intentional act and he testified that he was asleep when the sexual act occurred, he lacked the requisite intent. However, the court heard this same argument below and after considering the totality of the evidence, including the petitioner's testimony denying the allegations and the children's "compelling and believable" forensic interviews, rejected it. Instead, the court weighed the evidence presented and concluded that the evidence was sufficient to establish that the petitioner sexually abused B.S. We will not disturb the court's findings in this regard, as "weigh[ing] evidence . . . is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995); *accord In re D.S.*, 251 W. Va. 466, --, 914 S.E.2d 701, 707 (2025) ("We . . . do not reweigh the evidence or make credibility determinations.").[6] As such, the court did not err in adjudicating the petitioner and he is entitled to no relief.

---

[6] To the extent that the petitioner argues that K.F., P.V., and B.S. should have been made parties to the initial petition, we disagree. West Virginia Code § 49-4-602(a)(3) requires that "each child *in the home for whom relief is sought* . . . be made a party to the proceeding." (emphasis added). K.F., P.V., and B.S. were not children for whom relief was sought because the petitioner had no parental, custodial, or guardianship rights or responsibilities to them; J.E. was the only child to whom he had any rights when the initial and amended petitions were filed.

The petitioner also argues that the circuit court lacked jurisdiction to find that K.F., P.V., and B.S. were abused and neglected children and thus, could not find that J.E. was an abused and neglected child. However, the court did not attempt to exercise jurisdiction over K.F., P.V., and B.S. Instead, the court found that the petitioner "sexually abused K.F., P.V., and B.S. at a time when [J.E.] resided in the home." Courts are permitted to adjudicate parents upon this basis; thus, the circuit court did not err. *See* Syl. Pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) ("Where there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under [W. Va. Code § 49-1-201].").

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 1, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2026

**CONCURRED IN BY**:

Justice William R. Wooton
Justice Charles S. Trump IV
Justice Gerald M. Titus III

**DISSENTING:**

Chief Justice C. Haley Bunn
Justice Thomas H. Ewing

Bunn, Chief Justice, dissenting, and Ewing, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.